# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ENA LUZ LAWS,

        Plaintiff,

v.                                                          Case No:   6:21-cv-1284-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## MEMORANDUM OF DECISION[1]

Ena Luz Laws ("Claimant"), appearing *pro se*, appeals the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB").   Doc. No. 1.   Claimant raises several arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed and remanded for further administrative proceedings.   Doc. Nos. 23, 28.   The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and that the final decision of the Commissioner should be affirmed.   Doc.

---

[1] The parties have consented to the se of jurisdiction by a United States Magistrate Judge. *See* Doc. Nos. 30–32.

No. 27.   For the reasons stated herein, the Commissioner's final decision is **AFFIRMED**.

## I.   PROCEDURAL HISTORY.

On May 2, 2018, Claimant filed an application for DIB, alleging a disability onset date of November 27, 2017.[2]   R. 17, 197–201.   Claimant's application was denied initially and again upon reconsideration, and she requested a hearing before an ALJ.   R. 92–94, 95–101, 102.   A hearing was held before the ALJ on June 24, 2020, at which Claimant was represented by an attorney.   R. 37–56.   Claimant and a vocational expert ("VE") testified at the hearing.   *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.   R. 17–30.   Claimant sought review of the ALJ's decision by the Appeals Council.   R. 1–11, 193–96.   On January 19, 2021, the Appeals Council denied the request for review.   R. 3.   Claimant, appearing *pro se*, now seeks review of the final decision of the Commissioner by this Court.   Doc. Nos. 1, 9.

---

[2] The "Application Summary for Disability Insurance Benefits" states that Claimant applied for DIB on May 21, 2018.   R. 198.   However, according to the ALJ's decision, Claimant filed the application for DIB on May 2, 2018.   R. 17.   For consistency, and because the application date is not dispositive of this appeal, the Court utilizes the application date stated by the ALJ:   May 2, 2018.

## II.    THE ALJ'S DECISION.

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a).   R. 17-30.[3]   The ALJ found that Claimant meets the insured status requirements of the Social Security Act through December 31, 2024.   R. 19.   The ALJ concluded that Claimant engaged in substantial gainful activity during June 2018 through December 2018, but apart from this period, Claimant's earnings did not reach or exceed substantial gainful activity levels since her alleged onset date of November 27, 2017.   R. 19–20.   The ALJ further concluded that there has been a continuous 12-month period during which Claimant did not engage in substantial gainful activity.   R. 20.

The ALJ found that Claimant suffered from the following severe impairments:   schizoaffective disorder, depressed type; and bipolar disorder.   *Id.*[4]

---

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a(4))(i)–(v)).

[4] The ALJ also found that Claimant suffers from the following non-severe impairments:   melanoma on her left leg, anemia, and diabetes.   R. 20.

But, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1, including Listings 12.03 and 12.04.   R. 21–22.

Based on a review of the record, the ALJ concluded that Claimant had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations:

> [S]he can perform simple routine tasks, but not at a production-rate pace; make simple work related decisions; have occasional interaction with the public; and she can adapt to occasional changes in the work routine.

R. 22.   After considering the record evidence, Claimant's RFC, and the testimony of the VE, the ALJ found that Claimant is unable to perform past relevant work as a coffee maker.   R. 28.   However, considering Claimant's age, education, work experience, and RFC, as well as the testimony of the VE, the ALJ concluded there are jobs that exist in significant numbers in the national economy that Claimant can perform, representative medium-skilled occupations to include cleaner, laundry worker, and vehicle cleaner.   R. 29.   Therefore, the ALJ concluded that Claimant was not under a disability from her alleged onset date through the date of the decision.   R. 29–30.

## III.   STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. §

405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).   The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).   The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.   ANALYSIS.

As discussed herein, Claimant appears *pro se* in this matter.   Doc. No. 9. The Court liberally construes briefs filed by *pro se* litigants.   *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).   However, the Court may not serve as *de facto*

counsel for a *pro se* party.   *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) ("[E]ven in the case of *pro se* litigants [the general rule of] leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (citation omitted)); *see also Gamble v. Saul*, No. 8:20-cv-428-T-27CPT, 2020 WL 1557681, at *2 (M.D. Fla. Mar. 12, 2020).   The Court therefore addresses only those arguments that can reasonably be said to have been raised in Claimant's briefing.

Claimant appears to raise six assignments of error in this appeal:   (1) the ALJ erred in finding that Claimant engaged in substantial gainful activity after her alleged onset date; (2) the ALJ erred in the analysis at the step two findings regarding the severity of Claimant's impairments; (3) the ALJ erred in finding that Claimant's impairments did not meet Listing 12.03 in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) the RFC is not supported by substantial evidence due to the ALJ's failure to consider Claimant's subjective complaints, Claimant's brother-in-law's statements, and failure to consider all relevant evidence; (5) the ALJ erred in finding that jobs exist in significant numbers in the national economy that Claimant can perform; and (6) the ALJ erred in finding that Claimant was not disabled through the date of the decision.   Doc. No. 23.   And as discussed herein, Claimant submits several exhibits she wishes the Court to consider in resolving her appeal: (1) three letters from Dr. James Miller, M.D., dated June 11, 2018, July 11, 2018, and March

27, 2019 (Doc. No. 23-1, at 2–3, 6); (2) a Wage and Income Transcript from the IRS (Doc. No. 23-1, at 4–5); (3) two letters from Dr. Sajida Mathew, M.D. dated September 27, 2021 (Doc. No. 23-1, at 7–8); and (4) a February 8, 2022 letter from Parminder Kang, APRN (Doc. No. 23-1, at 9).[5]

The Commissioner has filed a response, and Claimant, a reply.   Doc. Nos. 27, 28.   Thus, the matter is ripe for disposition.   The Court addresses each of Claimant's arguments in turn, below.   And given that Claimant submits new evidence with her briefing that was not before the ALJ, the Court interprets that submission as an additional request that the matter be remanded pursuant to sentence six of 42 U.S.C. § 405(g), a request that the Court will address first.

    A.    <u>Sentence Six Remand</u>.

Sentence six of 42 U.S.C. § 405(g) permits a district court to remand an application for benefits to the Commissioner for consideration of new evidence that previously was unavailable.    *Ingram v. Comm'r of Soc. Sec., Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007).   To show that a sentence six remand is warranted, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good

---

[5]   The Court permitted Claimant to file the exhibits with her brief.   *See* Doc. No. 26.

cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

Here, relevant to the first issue presented in Claimant's briefing regarding substantial gainful activity, Claimant relies on a Wage and Income Transcript. *See* Doc. No. 23-1, at 4–5. According to Claimant, the Wage and Income Transcript shows that some income received in 2018 was the result of stock sale. *Id.*; Doc. No. 23, at 13-15.

In the decision, the ALJ found that Claimant engaged in substantial gainful activity from June 2018 to December 2018. R. 20 (citing Ex. 15D). The ALJ explicitly noted that

> During the hearing, the claimant's representative asserted that the claimant's earnings during the fourth quarter of 2018 were actually proceeds from a stock sale but no supporting evidence was ever submitted regarding the stock sale payout (32E). Additionally, no explanation was offered regarding the earnings in the third quarter of 2018, which were clearly above the applicable substantial gainful activity level earnings threshold (15D).

R. 20. Claimant contends that her representative "had difficulty providing evidence to the ALJ" and that Claimant "investigated the trail of timesheets and determined they were allegedly faxed to the ALJ, according to the testimony from the paralegal, however in the height of the Covid 19 crises there was much confusion." Doc. No. 23, at 14–15. However, upon consideration, the Court finds that Claimant's unsubstantiated remarks regarding paralegal testimony and

difficulty providing evidence, without more, do not demonstrate "good cause for the failure to submit the evidence at the administrative level." *See Caulder*, 791 F.2d at 877.

Moreover, Claimant does not contend that the evidence is "new," or that it "did not exist at the time of the administrative proceeding." *See Archer v. Comm'r of Soc. Sec.*, 176 F. App'x 80, 82 n.3 (11th Cir. 2006) ("The good cause requirement is satisfied when the evidence did not exist at the time of the administrative proceeding. The good cause requirement was designed to avoid the danger of encouraging claimants to seek after-acquired evidence, and then use such evidence as an unsanctioned backdoor means of appeal.") (citations and quotation marks omitted);[6] *see also Nason v. Astrue*, No. 3:08cv427/RV/EMT, 2009 WL 3087309, at *11–14 (N.D. Fla. Sept. 23, 2009) (finding good cause standard not met where evidence existed at the time of the ALJ's decision). For these reasons, Claimant has not demonstrated that remand for consideration of this evidence pursuant to sentence six is appropriate.

The other evidence Claimant submits likewise fails to show remand pursuant to sentence six is warranted. Again, remand is appropriate only where the new evidence relates "to the time period on or before the date of the ALJ's decision."

---

[6] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

*Archer*, 176 F. App'x at 82 (citing 20 C.F.R. § 404.970(b); *Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998)).   Both letters authored by Dr. Sajida Mathew, M.D. (dated September 27, 2021) and the letter authored by Parminder Kang, APRN (dated February 8, 2022) do not meet this standard as the letters relate to events after the ALJ's September 21, 2020 decision (*i.e.*, Claimant's current treatment).   Doc. No. 23-1, at 7–9.   Thus, consideration of this evidence under sentence six is not appropriate.   *See Archer*, 176 F. App'x at 82.

Second, as it relates to the letters dated June 11, 2018, July 11, 2018, and March 27, 2019 from Dr. James Miller, M.D. (Doc. No. 23-1, at 2–3, 6), Claimant has not shown that those letters are material, *i.e.*, that a reasonable probability exists that the evidence would have changed the outcome of her disability determination.   *See Caulder*, 791 F.2d at 877.   None of these letters contain medical opinions or functional limitations that are inconsistent with the ALJ's RFC determination. Therefore, because Claimant has not shown these letters are material, remand under sentence six is not warranted.   *See Archer*, 176 F. App'x at 82 (finding new medical evidence non-material and unlikely to change the outcome where the evidence did not place any limitations on the claimant's ability to perform light work).

B.     Substantial Gainful Activity.

Claimant first takes issue with the ALJ's finding that she engaged in substantial gainful activity from June 2018 to December 2018.   Doc. No. 23, at 13.

- 10 -

Claimant disputes this finding first because part of that income was allegedly from exercise of stock options, and second because she states that in 2018 she was covered by a short term disability insurance policy that was exempt as earnings.   *Id.* at 13–14.

To the extent that Claimant's first assignment of error relies solely on the Wage and Income Transcript regarding the alleged stock option (*see* Doc. No. 23-1, at 4–5), because remand under sentence six is not warranted, the Court cannot consider the evidence submitted with Claimant's briefing in resolving her assignments of error.   *See McLain v. Comm'r, Soc. Sec. Admin.*, 676 F. App'x 935, 940 (11th Cir. 2017) ("Under the relevant law . . . the sole way for new evidence to be considered is through a 'sentence six' remand, which allows the SSA to consider the evidence first.").

Insofar as Claimant argues that in 2018 she was covered by a short-term disability insurance policy, she cites no evidence in the record to support this statement, nor does it appear that she has submitted any additional evidence for the Court to consider under sentence six with her opening brief.   *See* Doc. No. 23, at 13–14.   Without citation to some support for her statement, Claimant has not established reversible error.   *See generally N.L.R.B. v. McClain of Ga.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").   *See*

*also Battle v. Comm'r, Soc. Sec. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) (finding that perfunctory arguments raised by *pro se* party in social security case were abandoned); *Santiago v. Berryhill*, No. 3:17-cv-154-J-JRK, 2018 WL 3968961, at *3 (M.D. Fla. Aug. 20, 2018) (stating that, although *pro se* pleadings are liberally construed, issues raised in a perfunctory manner are generally deemed to be waived).

Accordingly, Claimant's first assignment of error is unpersuasive.

C.    <u>Severity of Impairments</u>.

Although not entirely clear, in her opening brief Claimant appears to take issue with the ALJ's conclusions at step two of the sequential evaluation process regarding the severity of Claimant's impairments.   *See* Doc. No. 23, at 16–17 ("The ALJ in making the determination regarding the severity of the impairments . . . failed to consider the impact to the plaintiff's impairment, because of neglecting to consider the plaintiff's standing medical orders . . . the ALJ failed to consider all available medical evidence . . . .   The fact that that the ALJ erred in failing to consider the impact of the plaintiff's impairment severity analysis . . . .").[7]   But, in her reply brief, Claimant then states that she is not challenging the step two findings.   *See* Doc. No. 28, at 6 ("The plaintiff did not contend that the ALJ

_____

[7]  To the extent that Claimant was attempting to raise this issue as to step four of the sequential evaluation process, *see* Doc. No. 23, at 17, the ALJ's findings regarding Claimant's RFC and step four are addressed below.

committed an error in the two-step analysis.").   Given Claimant's statements in reply, step two does not appear to be at issue in this appeal.

Even assuming it were, however, as the Commissioner correctly points out, because the ALJ found Claimant's impairments of schizoaffective disorder, depressed type, and bipolar disorder were severe, and proceeded past step two of the sequential evaluation process, there is no reversible error.   *See Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) ("Based on our precedent and the regulations, . . . it is apparent that there is no need for an ALJ to identify every severe impairment at step two.   Accordingly, even assuming that [the claimant] is correct that her additional impairments were 'severe,' the ALJ's recognition of that as a fact would not, in any way, have changed the step-two analysis, and she cannot demonstrate error below.").

D.   <u>Listing 12.03</u>.

Claimant next argues that the ALJ erred in finding that Claimant's impairments do not meet or medically equal the criteria of section 12.03 of the Listings of Impairments.   Doc. No. 23, at 17–20.[8]

At step three, to meet the requirements of a Listing, a claimant must have a medically determinable impairment that satisfies all of the criteria in the Listing.

---

[8] Although the ALJ also references Listing 12.04 in the decision, Claimant is not alleging that she meets Listing 12.04, and states that Listing 12.04 was "used incorrectly." *See* Doc. No. 28, at 8.

*Gardner v. Comm'r of Soc. Sec.*, No. 2:20-cv-331-MRM, 2021 WL 3674305, at *4 (M.D. Fla. Aug. 19, 2021) (citing 20 C.F.R. § 404.1525(d)).   The Listings of Impairments identify impairments that are considered severe enough to prevent a person from engaging in substantial gainful activity.   *Id.* (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1).   "If a plaintiff can meet a listed impairment or otherwise establish an equivalence, then a plaintiff is presumptively determined to be disabled and the ALJ's sequential evaluation of a claim ends."   *Id.* (citing *Edwards v. Heckler*, 736 F.2d 625, 626 (11th Cir. 1984)).

The burden is on the claimant to show that he or she meets the Listing. *Wilkinson on Behalf of Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987).   "If an impairment manifests only some criteria, then it does not qualify, no matter how severe the impairment."   *Gardner*, 2021 WL 3674305, at *4 (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)).   To meet a Listing, the claimant must have a diagnosis included in the Listings, and "must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002).

Relevant here, Listing 12.03 provides the following:

**12.03 Schizophrenia spectrum and other psychotic disorders (see 12.00B2), satisfied by A and B, or A and C:**

A. Medical documentation of one or more of the following:

1. Delusions or hallucinations;

2. Disorganized thinking (speech); or
3. Grossly disorganized behavior or catatonia.

AND

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):

1. Understand, remember, or apply information (see 12.00E1).
2. Interact with others (see 12.00E2).
3. Concentrate, persist, or maintain pace (see 12.00E3).
4. Adapt or manage oneself (see 12.00E4).

OR

C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:

1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.03.

In the decision, the ALJ found that Claimant's mental impairments do not cause at least two "marked" limitations or one "extreme" limitation and, therefore, paragraph B criteria in Listing 12.03 are not satisfied.   R. 22.   The ALJ also found that the evidence failed to establish the presence of the paragraph C criteria.   *Id*. The ALJ did not discuss the paragraph A criteria.   *Id.*

In arguing that the ALJ failed to properly evaluate whether Claimant meets Listing 12.03, Claimant states that the ALJ correctly found that the paragraph B criteria were not satisfied, but that the ALJ made "faulty" determinations regarding paragraph C and erred in failing to discuss paragraph A.   Doc. No. 23, at 18.   In support, Claimant merely recites the ALJ's analysis at this step of the decision and generally states:   "The plaintiff's medically documented history is meticulously laid out; *see* (R. 2 F 38-71) Wuesthoff Health, progress notes July thru September 2015, written by James N. Jacobson M.D. Psychiatry Specialist and (Ex. 3 F 62-81), Inpatient Hospital Records, CoC."   *Id.* at 19.   Claimant concludes that there is ample medical documentation that refutes the ALJ's conclusions regarding paragraph C, and supports a finding under paragraph A.   *Id*.   Claimant also argues that the ALJ overly relied on Allan Harris Ph.D. to support the conclusions reached.   *Id.* at 20.

Upon review, Claimant's arguments are unpersuasive.   As to Claimant's general reference to documents reflecting her medical history and records, or the ALJ's consideration of Dr. Harris's conclusions, Claimant does not explain how the ALJ failed to properly consider those records or how different considerations thereof would have led to a different determination by the ALJ.   Therefore, Claimant fails to establish reversible error in this regard.   *See Vanhorn v. Comm'r of Soc. Sec.*, No. 6:19-cv-31-Orl-LRH, 2020 WL 998724, at *7 (M.D. Fla. Mar. 2, 2020) (the

claimant's general citation to record evidence without identifying what evidence the ALJ failed to consider or explaining how it would have led to a different determination as to criteria required by a Listing did not result in reversible error); *Overton v. Comm'r of Soc. Sec.*, No. 6:18-cv-690-Orl-40DCI, 2019 WL 4395310, at *3 (M.D. Fla. May 13, 2019), *report and recommendation adopted*, 2019 WL 3297249 (M.D. Fla. July 23, 2019) (finding that where the claimant argued that "certain findings were 'noted' in the records and were ignored," but did not "explain how consideration of these notes" supported a finding of an extreme or marked limitation in any of the four functional areas, the claimant waived the argument). Moreover, the mere fact that other evidence of record arguably could support a different conclusion does not require remand.   *See Gardner*, 2021 WL 3674305, at *6 (noting that, in reviewing an ALJ's decision, it is not the Court's role to "decide the facts anew, make credibility determination[s], or re-weigh the evidence, and [the Court] must affirm the ALJ's findings if they are supported by substantial evidence, even if the evidence preponderates against them." (citing *Jones v. Soc. Sec. Admin., Comm'r*, 695 F. App'x 507, 508 (11th Cir. 2017))).

In addition, "an ALJ is not required to recite mechanically the evidence leading to the final determination as to whether a plaintiff meets a Listing."   *Id.* at *5 (citing *Bellew v. Comm'r of Soc. Sec.*, 605 F. App'x 917, 920 (11th Cir. 2015)). Indeed, "[a]n ALJ's finding as to whether a claimant does or does not meet a listed

impairment need not be explicit and may be implied from the record." *Bellew*, 605 F. App'x at 920.   Here, a review of the decision as a whole demonstrates that the ALJ considered the factors and evidence relevant to paragraph C of Listing 12.03. *See* R. 22–28.   *See also Flemming v. Comm'r of the Soc. Sec. Admin.*, 635 F. App'x 673, 676 (11th Cir. 2015) (affirming where the ALJ implicitly considered and rejected a finding of disability under Listings 12.02 and 12.03).

Finally, to the extent that Claimant argues that the ALJ failed to consider paragraph A, because Claimant concedes that she did not meet the paragraph B criteria and has failed to establish reversible error as to paragraph C, Claimant's contention is unavailing.   *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.03 (stating that the Listing is satisfied by meeting *both* paragraphs A and B, or *both* paragraphs A and C).

E.      Claimant's RFC.

Next, Claimant argues that the ALJ's RFC finding is not supported by substantial evidence.   Doc. No. 23, at 20–28.   Claimant makes three sub-arguments:   (1) the ALJ did not properly consider Claimant's subjective complaints; (2) the ALJ did not properly consider Claimant's brother-in-law's statements; and (3) the ALJ failed to consider certain documents.   *Id*.   The Court addresses each in turn.

1.       *Claimant' Subjective Complaints.*

A Claimant may establish "disability through [her] own testimony of pain or other subjective symptoms."   *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson*, 284 F.3d at 1225.   If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1).   In doing so, the ALJ considers a variety of evidence, including the claimant's history, the medical records and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work.   *Id*. § 404.1529(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so."   *Foote*, 67 F.3d at 1561–62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence.   *Id*. at 1562.

Here, Claimant contends that the ALJ erred in failing to articulate sufficient reasons for refusing to credit her statements, citing to various records.   Doc. No.

23, at 23.   Claimant appears to be arguing generally that the ALJ failed to consider that her mental condition can vary.   *See id.*   Specifically, Claimant cites to a medical record from Dr. James Miller, M.D. for the proposition that her mood and affect were childlike.   *See* R. 728 (Ex. 9F/15).   These are not subjective complaints.   *See id.*   Likewise, Claimant points to certain records for the proposition that Claimant works two, four-hour days per week, or that she should work part-time, which are also not subjective complaints.   *See* Doc. No. 23, at 23–24 (Exs. 9F/17, 17F/2).   In addition, to the extent that Claimant argues that the ALJ "misstated the plaintiff's observations about greater mental clarity with the medications," the record which Claimant cites supports the ALJ's finding.   *See* R. 818 (Exhibit 12F/45, stating that "Patient states that her thinking continues to clear as we decrease the Klonopin").[9]

Contrary to Claimant's position, the ALJ properly considered Claimant's testimony about intensity, persistence, and limiting effects of her symptoms, and

---

[9]   Insofar as Claimant argues that the ALJ misstated Claimant's observations about greater mental clarity and failed to consider Dr. James Miller's medical record dated July 11, 2018 where Claimant reported increased anxiety, *see* Doc. No. 23, at 24 (citing Ex. 12F/48), the ALJ's decision explicitly referenced Dr. Miller's July 11, 2018 medical record—among others—in noting that Claimant has not required additional inpatient care since March 2018 and that Dr. Miller's treatment notes indicate sustained emotional stability since April 2018.   *See* R. 26.   The ALJ also cited to Dr. Miller's medical record to support a finding that Claimant has been able to relate appropriately to treating and examining clinicians and she has been cooperative with treatment.   *See id.*   Notably, although the record at issue states that "Plaintiff did have increased anxiety," it also states that "her anxiety is in good control." *See* R. 821 (Ex. 12F/48).

found that the objective medical evidence and other evidence in the record did not support the alleged severity of her symptoms.   A review of the decision demonstrates that the ALJ reviewed medical documents in the record and compared those documents to Claimant's testimony.  R. 23–28.   The ALJ also contrasted Claimant's subjective complaints with her activities of daily living; the side effects of her medication; and her lack of need for inpatient care since March 2018.  *See id.*   Claimant does not specifically point to any testimony that the ALJ failed to consider, and, upon review of the record, the Court finds that the ALJ's reasons for not fully crediting her subjective complaints are supported by substantial evidence.   Therefore, the Court will not disturb the credibility finding.  *See Foote*, 67 F.3d at 1561–62 (reviewing court will not disturb credibility finding supported by substantial evidence).

### 2.     *Third-Party Statements.*

Claimant also contends that third-party function reports authored by her brother-in-law were "passed over by the ALJ" in determining the RFC.   Doc. No. 23, at 22 (citing Exhibits 3E, 4E, 13E, and 14E, *see* R. 275–92, 350–58).   In her opening brief, Claimant appears to argue her brother-in-law is an acceptable medical source under the Social Security regulations because he is a Certified Nursing Assistant ("CNA").   *Id.*   As the Commissioner argues in response, Doc. No. 27, at 10–11, however, and Claimant appears to concede in reply, Doc. No. 28, at 13–14,

Claimant's brother-in-law did not render a "medical opinion" as defined in the Social Security regulations.   Indeed, upon review of the third-party statements, there is no indication that the brother-in-law completed the third-party function reports outside of his role as Claimant's brother-in-law or her "health care surrogate."   *See* R. 275–92, 350–58.   *See also* 20 C.F.R. § 404.1502(a) (listing acceptable medical sources, which does not include either a health care surrogate or a CNA).

Pursuant to applicable regulations, the ALJ is "not required to articulate how [she] considered evidence from nonmedical sources using the requirements" set forth for medical opinions and prior administrative medical findings.   *See* 20 C.F.R. § 404.1520c(d).   Further, the testimony of family members can be evidence of the claimant's subjective allegations, but even if the ALJ does not make an explicit credibility finding as to a family member's testimony, there is no error if the credibility determination was implicit in the rejection of the claimant's testimony. *See Osborn v. Barnhart*, 194 F. App'x 654, 666 (11th Cir. 2006).

In the decision, the ALJ states that she did not give any special consideration to the third-party function reports from Claimant's brother-in-law, as he is not a medical source.   R. 26.   The ALJ also stated that she did not give any special consideration to any opinions that were vague and conclusory.   *See id.*   And the Court notes that the ALJ referenced Claimant's brother-in-law's third-party

function reports throughout the decision, comparing and contrasting the statements therein to the other evidence of record.   *See* R. 25–26.

On review, given that the statements from Claimant's brother-in-law were from a non-medical source, the ALJ addressed those statements in the decision, and the ALJ's credibility determination of the opinions contained therein is implicit in the rejection of Claimant's testimony, the Court finds no error.   *See Osborn*, 194 F. App'x at 666.

3.     *Other Evidence.*

Finally, Claimant states that "it looks as if the ALJ . . . was not aware of the available plaintiff's ongoing psychiatric monitoring . . . her part time work levels March 15, 2019, and the defendant received a letter from CoC, James Miller M.D. Specialist Psychiatrist . . . December 18, 2019."   Doc. No. 23, at 26.   The only argument on which Claimant expands, however, is the December 18, 2019 letter from Dr. Miller.   *See id.* at 26–27.   Accordingly, this is the only record that the Court will address.   *See generally N.L.R.B.*, 138 F.3d at 1422 ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").   *See also Battle*, 787 F. App'x at 687.[10]

_____

[10] Similarly, to the extent Claimant is making the general argument that the ALJ failed to consider all evidence of record, that argument is perfunctory and deemed waived, and the Court will not address it further.   *See generally N.L.R.B.*, 138 F.3d at 1422; *Battle*, 787 F. App'x at 687.

As to Dr. Miller's December 18, 2019 letter, Claimant argues that the ALJ "neglect[ed] the letter" and, therefore, the ALJ erred "by failing to examine . . . all the evidence carefully."   Doc. No. 23, at 27.   *See* R. 906 (Ex. 17F/2).

Dr. Miller's letter states, in pertinent part:

Ena Laws is a client of Circles of Care Inc. Outpatient Service and is in treatment of the following diagnosis:

(295.70/F25.1) Schizoaffective Disorder, Depressive type

Patient is disabled secondary to a Schizoaffective Disorder.   Patient is unable to be employed full-time because of this disability.

R. 906.

The ALJ explicitly stated that she has "not given any special consideration to Dr. Miller's statement on December 18, 2019, which indicates that the claimant is disabled secondary to schizoaffective disorder and cannot work.   (17F/2).   This assessment is conclusory and provided no function-by-function analysis or objective reasoning."   R. 26–27.

As an initial matter, Dr. Miller's letter does not contain a medical opinion. *See* 20 C.F.R. § 404.1520c.   Pursuant to the new regulations, which govern this case, a "medical opinion" is defined as "a statement from a medical source about what [the claimant] can still do despite [his/her] impairments(s)" and whether the claimant has any functional limitations or restrictions regarding certain enumerated abilities.   *See id.* § 404.1513(a)(2).   A "medical opinion" does not include

"judgments about the nature and severity of [the claimant's] impairments, . . . medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." *Id.* § 404.1513(a)(3) (defining these categories of information as "other medical evidence"). Dr. Miller's December 18, 2019 letter does not address any relevant functional limitations or restrictions, and therefore is not a medical opinion. *See id.*

Moreover, Dr. Miller's letter opines on issues reserved for the ALJ: whether Claimant is disabled and/or whether Claimant can perform work. *See* 20 C.F.R. § 404.1520b(c)(3)(i). Dr. Miller states: "Patient is unable to be employed full-time because of this disability." R. 906. This statement is not entitled to any weight as it is "neither valuable nor persuasive to the issue of whether [Claimant is] disabled," and the ALJ is not required to analyze it. *See* 20 C.F.R. § 404.1520b(c). There is no error.

F.     Jobs Existing in the National Economy.

Claimant next assigns error to the ALJ's finding that considering Claimant's age, education, work experience, RFC, and testimony of the VE, jobs exist in significant numbers in the national economy that Claimant can perform. Doc. No. 23, at 31. Claimant appears to base this assignment of error solely on the success of the first four assignments of error. *Id.* In full, Claimant states:

> [T]he limitations of her mental impairments, see findings 4, 5, 6, and
> 7,[11] are ongoing and would severely hamper her employment success
> and the number of prospective employers to hire her.   Ref.
> conclusions by VE expert in finding 7.   Her other minor impairments,
> melanoma, diabetes, and anemia combine to also begin to play an
> adverse role in some of the harsher environmental choices.
>
> In view of plaintiff's examination and resolutions of findings 4, 5, 6,
> and VE testimony; the plaintiff hereby refutes the statement, that the
> ALJ has a substantial evidence basis for support of finding 11 and the
> plaintiff's argument for determining the ALJ's lack of substantial
> evidence passes the reasonable person test.   Sentence 4.   42 U.S.C. §
> 405(g), § 205(g).

*Id.*   Claimant's reply brief does not expand on this argument, besides stating that

"she is limited in exertional levels and can only work part time due to Doctor's

orders, thus disabled."   Doc. No. 28, at 17–19.

An ALJ may consider the testimony of a VE at step five of the sequential

evaluation process when determining whether the claimant can perform other jobs

in the national economy.   *See McSwain v. Bowen*, 814 F.2d 617, 619–20 (11th Cir.

1987).   The ALJ must pose hypothetical questions that are accurate and that include

all of the claimant's functional limitations, in order for the VE's testimony to

constitute substantial evidence supporting the ALJ's decision.   *See Pendley v.

Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985); *Straka-Acton v. Comm'r of Soc. Sec.*, No.

6:14-cv-630-Orl-GJK, 2015 WL 5734936, at *4 (M.D. Fla. Sept. 29, 2015).

---

[11] These "findings" correlate to Claimant's memorandum.   *See* Doc. No. 23.

As discussed above, Claimant has failed to establish that the ALJ reversibly erred as it relates to any of the previous assignments of error, and, in turn, was unsuccessful in establishing that the RFC determination is not supported by substantial evidence.   Therefore, it necessarily follows that this assignment of error—which relies entirely on the same arguments—also fails.   *See, e.g.*, *Straka-Acton*, 2015 WL 5734936, at *4 (finding that the VE's testimony provided substantial evidence to support the ALJ's conclusion that the claimant could perform other work in the national economy where it was consistent with the ALJ's RFC determination, which the claimant had unsuccessfully challenged).

G.   The Finding that Claimant is Not Disabled.

Claimant's final assignment of error is again contingent on the success of the first four assignments of error.   Claimant states, in full:

> Likewise, the plaintiff has made the case in findings 4, 6 for her severe impairments, and reduced RFC; that has rebutted the ALJ's finding. Examination of the finding 7 and considering the VE's prognosis concerning the likelihood the plaintiff finding other work, even unskilled work would be eliminated.   In finding 7, the VE documents the job seeking limitation of her mental impairments.

> Therefore, the plaintiff refutes the statement, that the ALJ has a substantial evidence basis for support of finding 12 and the plaintiff's thesis for determining the ALJ's lack of substantial evidence passes the reasonable person test.   Sentence 4.   42 U.S.C. § 405(g), § 205 (g).

Doc. No. 23, at 32.

Because this assignment of error is contingent upon the success of the first four assignment of errors and Claimant has failed to show error therein, for reasons similar to those previously stated, this assignment of error also fails.   *See generally Batten v. Comm'r of Soc. Sec.*, No. 6:20-cv-101-Orl-37DCI, 2020 WL 7890480, *5 (M.D. Fla. Dec. 21, 2020), *report and recommendation adopted*, 2021 WL 37587 (M.D. Fla. Jan. 5, 2021) (rejecting argument that explicitly relied on the success of a previous assignment of error that the Court had already rejected).

**V.     CONCLUSION.**

Based on the foregoing, it is **ORDERED** that:

1.     The final decision of the Commissioner is **AFFIRMED**.

2.     The Clerk of Court is **DIRECTED** to enter judgment in favor of the Commissioner and thereafter **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on September 27, 2022.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 28 -